Our next case is STONE v. HHS Mr. Gage Thank you Your Honor Richard Gage representing Amelia Stone Your Honors, we start in this case with the undisputed proposition that STONE v. HHS is not a pneumophagy case and I want to run through that very quickly I know you're all familiar with the vaccine program but I want to run through what that really means because I think it frames where we're going today We proved all three steps of ALFEN The vaccine, in this case DTAP, could cause the seizures that are the injury that you complained of We proved step 3 of ALFEN, which was that the injury occurred in the appropriate time frame, in this case 14 hours after the vaccination And we proved step 2, that there was a logical sequence of cause and effect, that the vaccine in fact did cause the injury in this case To put that proof to the court, my argument Petitioner's argument was And then the government proved an alternative cause which overrides it all No Well, here's the problem The SCN1A mutation is in every cell of the body of this sweet child How can the vaccine have entered every cell of her body and have changed her DNA in every cell of her body And the court, with that question, presumes that it's my burden to show such a thing? No, the problem you have is that the government has shown this and it has been upheld by two fact finders the special master and the trial judge that every cell in her body is mutated and that that mutation is the cause of the SESMEI So that's your problem, isn't it? The vaccine, now because of this, of course because this mutation was present when the vaccine was added, raising her temperature it did trigger a seizure We understand that It triggered the initial seizure of the seizure disorder That's confusing But the cause is that mutation How do we get around that? Is there any way for us to deal with the fact that every cell in her body contains this abnormality which is associated by a 90% right with SMEI by the medical community? Well, you know what we need here in this case and in fact the vaccine program This is, in my mind a new area that this court needs to define in the vaccine program We do not have well defined standards for dealing with what respondent's burden is when dealing with the factors unrelated to defense That's really what we're here today for Let's use Special Master Abel's example Every leaf in that forest is absolutely tinder dry That campfire did not go around and infect every leaf It didn't start the fire The little old lady sitting at the stop sign She has osteoporosis She's got it in every one of her bones The guy who rear ends her with a 5 mile an hour accident You or I would just get out and maybe swear at the guy Absolutely The real question for this court and obviously I was planning on getting there before I got to the end of my time There's only one judge so far It's a special master that has applied the Restatement Second Rules to this question Clearly there is a propensity We don't deny that We think that she had a very thin eggshell skull Is it a propensity or a cause? Therein lies the rub The question before this court is the question that was never answered below even though we raised it What is the legal cause? What does that term mean in this context? That's what the question is The Secretary had the burden of proving by a preponderance of the evidence that this namely the abnormality of the gene structure was the cause That's what the case is saying And the special master found and the Court of Federal Claims affirmed the finding that that burden of preponderance of the evidence had been met That's why we're here The question is I really want to frame this because it makes a difference We proved and the special master accepted This is like between a rock and a hard spot legally These are inconsistent You can't do it this way We proved that the case we put on was the Merzberg and Simon doctrine or idea in the vaccine program by having this severe of seizures It wasn't just a little 5 minute seizure or no temperature or something like that These were two severe status febrile seizures at the time of the vaccination Everybody admits that those were caused by the vaccine We proved, now the government obviously did admit this but the special master accepted our proof that under the Merzberg and Simon idea and other cases have held this also that that injury lowers a person's seizure threshold It makes subsequent seizures more likely So there is a neurologic injury seizures lowers the seizure threshold future seizures are more likely in that situation That was our proof That's what he accepted And under our proof We could not prove a prima facie case without proving everything in subsection 11c of the statute That sets forth the things we have to prove One of them is that the injury has to last for at least 6 months So we have a proven prima facie case with a seizure injury lowering seizure threshold making future seizures more likely that last for at least 6 months Where does the special master make the finding that this lowered the threshold? Merzberg and Simon He cites himself in Merzberg and Simon I mean in this particular case No, he does In the first I think it's page 40 In the first decision The April 15, 2010 decision Right, and I cite it in my brief to you He specifically references his holdings in Merzberg and Simon He specifically references his holdings in Merzberg and Simon He specifically references Here's the scientific language He actually cites the doctor Where is it in the opinion? It's in my brief Page 20 of my brief Joint appendix page 49 He's citing Dr. Holmes He's citing Dr. Holmes When this type of injury occurs And a person goes on to have seizures And a person goes on to have seizures The injury, this neurologic injury is seen as the antecedent of the sequela Sequela are the subsequent seizures The antecedent of those subsequent seizures is the initial neurologic injury That was my case That's what I presented He distinguishes those two cases He's saying that isn't his case As I read his opinion At page 49 he says In the absence of proof of alternative causes And then he goes on to say Merzberg and Simon can be readily distinguished from the instant case As those cases can name none of the SC1A gene Mutation evidence and testimony was presented in this matter Right So he's saying they're different cases This was the second part of his analysis If what you're saying is right Then we didn't prove our table case And everybody admits we proved our table case The reason the burden shifted to the government Was because we proved our table case I mean in the table Cause and fact case Respondent has never argued That we didn't prove our cause and fact case Respondent has never argued that the burden didn't shift to them That's not what we're doing here The question we have here is what is the burden What is their burden when the burden shifts to them That's the question before this court We presented the Merzberg and Simon case For our cause and fact case Now what he's doing here is He's gone back after accepting our cause and fact case Which was Merzberg and Simon And saying in this case I'm going to distinguish it Because and then he launches into his legal analysis Of what their burden should be He says there was evidence He says while respondent contests with Simon and Merzberg There was no evidence presented That the children in those cases Possessed the SC1A gene mutation Here he says there was the evidence And you realize this particular decision was overturned Because the standard he was applying To the government's case was wrong Right but then he went back And he fixed that And he said the evidence is here So what burden did he use To apply to the government's case Didn't he also say That there was no brain injury here He says he applied preponderance Right he uses the word preponderance Isn't that the right standard The preponderance is the standard we use Sure absolutely So what's the error unless it's up to Simply have made an error of fact Because he did not Now we're shifting back to I guess the question is what was the error that was found By the claims court I mean this case was remanded him because of the wrong legal standard I thought you had said just a moment ago that he applied the wrong standard Right But he ultimately applied the preponderance standard in his last opinion Sure I'm talking about the legal standard That's the standard That's the standard for proof of evidence The question is The legal question before this court is What legal standard What can you as a matter of law What facts can you defend with as a matter of law I mean the fact is Special Master Abel is the only one Of the special masters who dealt with this I'm sorry I don't understand What you're citing is the problem Well let me just say it again We're going to go to Let me just go to The restatement of second torts applies to this program I mean this court has applied it Specifically in relation to the issue of causation This court applied the restatement of second torts It says when we have issues of causation We look to the restatement of second torts The question It has been applied in the alternate cause context Which is what we have here That's right that's why we're here It has not yet been applied to the government's case in alternate cause The question is does it apply Ultimately that's the question we have Even if it did he found there's no brain injury  Was not the vaccine No that in fact is not what he found He said the ultimate condition which was their case They've never argued that the vaccine didn't cause The initial seizure Is this court going to say that a child having But that wasn't the injury The injury is SMEI which is caused by SCN1A SMEI is a description of The ultimate seizure disorder this child has It's a severe seizure disorder This court cannot say That those seizures Were not an injury It was a terrible injury that that child had After that vaccination But they're not the injury that's the focus of the case Really are they distinguishable That's what the special master Seems to have found No that's in fact not what he found On his last page he says If a similar case were presented But one that demonstrated evidence of brain injury Subsequent to the initial seizure Caused by a post vaccination fever The undersigned would be inclined to find the vaccine Was a substantial contributing factor But that's not the case here There's no persuasive evidence that the vaccine Was a substantial cause No brain injury SMEI is the problem Does the restatement seconded towards Applying it to the government's case I mean that's the first question That this court has to provide all of us Below Obviously it's up to you to provide that If the restatement second applies Then you cannot As a matter of law Defend an injury like this By saying that she was going to have seizures anyway I think that's absolutely clear In the restatement It's what special master Abell found If we conclude this restatement doesn't apply Do you lose Absolutely You'll need to explain what shy face meant Because of course in shy face it says On issues of causation We look to the restatement Absolutely Let's hear from Ms. Batcock You've consumed your time We'll give you one minute Could you give her an additional one minute Thank you Good morning I think you framed it well This is a seizure disorder that has A known genetic cause This is a child that underwent genetic testing That revealed that she had that genetic mutation And the special master ultimately credited the testimony From the government expert Finding that the genetic mutation was the cause Not the end of the map There had been A finding that the initial Post vaccine seizure Had contributed in any material way To the ultimate seizure condition Then she would have been entitled to recover You agree with that If there had been a finding of damage You would still need to apply the causation standard I'm not sure That there would necessarily have to be A finding of actual damage You don't have to prove how you got to the point Of additional incremental increase in vulnerability Or an acceleration of the time If there were a causal relationship Between the first seizure And the ultimate seizure condition Of any sort, that would be enough I think that is how the Simon and Merzberg cases Were ultimately analyzed In the absence of an alternate cause If it meets the legal burdens The ultimate cause is arguably the genetic mutation But if the febrile seizure The vaccine causes some alteration In the course that otherwise would have occurred Then that is enough to trigger The aggravation part of the test I think if it shows Injury, and it shows that the vaccine Caused an injury in this case That is certainly not what happened here This was a simple unmasking of a seizure disorder There was no alteration in this child's clinical course There was testimony from the government expert Who was a board certified geneticist And a pediatric neurologist It is important that this is a genetic mutation And expertise was required here from a genetics expert Petitioners ultimately elected not to present a geneticist And so much of that testimony was essentially unrebutted It is certainly not error for the special master To choose to credit that in this case Mr. Gage has told us that it is important To the Vaccine Act program To get a resolution to the question Of whether the restatement In particular the superseding cause Provisions of the restatement apply to the Vaccine Act What is the government's position on that? I will note initially that some of the specific Provisional arguments were never flushed out In front of the special master We have argued along that we don't think it is a good application In reading the brief it seems like a sort of tortured analysis In that, and this is a case where it is a genetic mutation That actually preceded the vaccination So the child is a spontaneous mutation born at birth I think some elements of the restatement Sort of are better corollaries to the vaccine program than others I don't think that this element is here The statute says, preponderance of the evidence It says that we need to show that a factor unrelated Was principally responsible That's precisely what the showing was here The idea for the restatement came from Special Master Abel's suture case Which Mr. Gage obviously discussed extensively That's not, as this court has already observed Those are not cases involving a genetic mutation But by and large, and I can't vouch for the particular Provision that we are discussing here But by and large the restatement second Is, as the name of the volume indicates Is simply a codification of Common law tort principles Which would presumably be applicable in this setting Wouldn't you agree that normally common law tort principles would apply here? Certainly yes, and that's an open question So if we were to conclude, for example, that the restatement Is not a substantial departure from Common law principles in superseding cause Then we would apply that principle Or that principle is embodied in the restatement, agreed? I think you could, I think you would still find that The genetic mutation in this case Maybe so, but Mr. Gage is looking to us first Well, first he's looking to us to reverse the judgment And favor his client, but in terms of The broader needs of the program He's saying we need to get this matter resolved And I'm just trying to pin down where you are exactly on that I don't think we think it applies here It's never been incorporated by this court No, but you think it's something we should speak to Precedentially to resolve one way or the other As to whether the superseding provisions of the restatement Apply in this setting, namely when the government Comes forward to show an alternate cause I think that we, again it's our position And I apologize if I'm not seeming to be clear on this And muddling about We don't think it has to be incorporated We don't think it should apply here Are you saying an alternate cause is different than a superseding cause? I think an alternate cause is what's set forth in the statute A superseding cause, it's unclear Because there's no guidance from the circuit as of yet Or as to whether that should even be considered The statute says that when the burden has shifted to us That we show that it is principally responsible For the vaccination And our burden in doing so is obviously preponderance Of the evidence, which is what Mr. Gage is saying If I'm hearing you right You're saying a superseding cause Is two causes, one which overrides the other But they each contribute And an alternate cause is a cause And the only cause And the vaccine was not a cause in this instance Is that what you're saying? Well I think a factor unrelated is As the precedent in these cases has shown We're establishing that by logically and legally plausible A factor unrelated, the alternate cause Was the cause of the injury here We think that actually the special master Was the cause, so the vaccine was not a cause I think it's the same standard Of but-for cause and substantial factor It's the same analysis But when we're dealing with a factor unrelated By definition the vaccine has been Posited as a potential cause in this case And so we, by making our showing That factor unrelated was a but-for cause And a substantial factor Necessarily eliminates the vaccine as a but-for cause And a substantial factor It's important to note that there never was That explicit finding in the case In fact the special master specifically found That the DTAP vaccine was not a but-for cause Or a substantial factor Let me see if I understand What the government's position is Exactly as to the second element of the Alton standard I think I understand the first element And I'm pretty sure I understand the third element But the second I find a little bit At least potentially ambiguous As to whether what's required Well I'll just read the language A logical sequence of cause and effect Showing that the vaccination was the reason for the injury Now is it the government's position that that means What needs to be shown is just that there is a logical Sequence of cause and effect That could indicate causation Or that that actually requires Proof of actual causation By a preponderance I think I think the latter I think you need to show that the vaccination was the reason For the injury It's a little unclear to me since that's the ultimate question In an off-table case of predominance Then what the other two elements of Alton are doing Is the second element requires you to prove Causation by a preponderance Well certainly the timing Is also an important factor If the second requires you to prove actual causation Why does it matter when the timing is You're already required to prove causation You settle the second, you're done I think in some instances some injuries may be more known To potentially be associated but then timing becomes a critical factor And sometimes depending upon the onset time That may eliminate prong 2 If you can't establish prong 3 you can't get to prong 2 Well let me then come back to an argument That I think Mr. Sagage was making And I may have interrupted him But I think I understood the argument he was making Is the special master here found That Alton test was satisfied The special master stopped short Of making that finding And in doing so he sort of acknowledged That there's a little bit of inconsistency between Walser and Doe 11 as to when a potential factor unrelated Should be considered Part of it I think in this case was the procedural posture And that the fact of the genetic mutation Did not come up until very late There had already been one expert hearing on the case Well let me then jump over that question And then ask if there is a case And whether this case is it or not In which the special master finds That the Alton factors were satisfied Given your definition of Alton Which is it requires proof of actual causation Of the ultimate condition that we're concerned about Then how can there be a truly superseding cause If the special master found that the initial seizure Was an actual cause of the ultimate condition And I think perhaps your question highlights The potential problem with the application of the restatement In this context Moreover an analysis in a case such as this one Essentially requires the special master to put blinders on As to the genetic mutation to even make the finding That the burden shifted He sort of tried to do that there But then ultimately stopped short And I think that's why he stopped short Because you have the genetic mutation Which is the sole cause here It's sometimes a difficult analysis And I think he struggled And I think you'll find in the next case That analysis was much more He considered the evidence of the genetic mutation Much more clearly in Petitioner's prima facie case And I think that this type of situation highlights Why the special master can and should in situations like this You really can't analyze whether a vaccine If there's a genetic mutation out there Which is the sole cause You really can't analyze the question of causation In the absence of that It has to come in to the overall question Of whether Petitioners can establish their burden in the case I think it's important to note again This case wasn't a close one Some of these are very close questions This really, there was a finding And there was extensive testimony From the medical literature That supported that the genetic mutation was the cause This is a child, unfortunately Where the dye was cast at birth Sometime in her first year of life Something was going to unmask the seizure disorder And it's certainly a tragic case But it's not a case where vaccines played any substantial role Something was going to unmask the seizure disorder If the febrile seizure had unmasked the seizure disorder Then you would concede liability, right? Not if in an instance like this It didn't cause any damage No, there's no evidence of neurologic damage in this case No, but if the damage was that it triggered That which maybe ultimately would have occurred But I didn't understand your position to be Simply a trigger is not enough To constitute causation for purposes of the act I think petitioners argue that a trigger Is always a but-for cause and a substantial factor And I think we very much disagree with that I think if you look at this case It may have been because the fever, the initial fever Was the trigger, it may have been a but-for cause But it is not a substantial factor in this case The genetic mutation is what caused the seizure disorder And I think that Special Master in Analyzing Looked for evidence of neurologic damage After these initial seizure events and the facts did not show any Are you saying to us the vaccine may have caused a seizure It did not cause the seizure disorder It did not cause the condition Because that condition was programmed Into every cell of our body Absolutely, much more cogently stated, I appreciate it Yes, that's precisely what we're saying That the vaccine played no role here And that is the testimony from the government Played no role is a lot more than what you said in response to my question If there's a trigger, that's a role Now it may be a role that something At some point in the child's life Was going to be played by something But it just so happens that it was the vaccine that played that role I understand that's not necessarily the case But what I'm asking about is what about a case In which you have a specific finding by the Special Master That yes, that febrile seizure triggered this condition Are you saying that in that situation There would be no liability, no compensation I think it's a different question And perhaps I misstated, I should have said It didn't alter the clinical course This is the testimony and the evidence There's no evidence of damage If there's evidence of damage, and the Special Master said as much That would meet the burden for causation Certainly there's room for that in the vaccine program Would altering the clinical course include Earlier onset? I think not the question presented in this case I think I would reserve, that would be a question That would be best left to experts and geneticists and neurologists Certainly the testimony in this case that the Special Master Accepted found that the vaccine was not It was the genetic mutation that was the cause If there are no further questions Thank you Ms. Babcock Mr. Gates you have a minute Everybody admitted That the vaccine triggered the onset of the seizure Did it alter every cell in her body Which is the condition Which you're seeking compensation for No, I'm seeking compensation for her seizures Her seizure or her seizures The seizures are caused by a condition in her cells No A vaccine cannot alter the genetic makeup of their cells Absolutely cannot Everybody conceded in this case That the onset of the initial seizure Of this seizure disorder Was a result of a vaccine injury Well they said They conceded the initial The vaccine caused the initial seizure I don't know if there was a concession That it caused a seizure disorder If you're defining that to me In the SMEI I think there was that distinction there That distinction was not in our trial What you're saying is At some point on that timeline The government's expert said The initial damage from these terribly severe Vaccine caused seizures stopped And then the SMEI started With some other event down the road That's a fiction I assume we wouldn't be here today If SMEI had never developed Assume all we had were the post-vaccination seizures In August and September I guess, well August of 2001 There wouldn't be a case here would there Theoretically there could be But to answer your question, no You wouldn't have satisfied the six month rule Which is part of what we satisfied Read the statute, subsection 13a It says to have a factor unrelated defense That defense has to have no known relation Relations in there It's in there twice actually No known relation and is not related to Subsection 13a 1 and 2 for the government's case To the injury Which is exactly what the government expert testified That disorder was not altered in any way By the vaccine So a seizure is not related to a seizure disorder That's what he said And the question is legally can you make that defense That's a factual question No that is a legal question your honor Thank you Mr. Gage